```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

XIULI HE

                    Plaintiff,                      MEMORANDUM & ORDER
                                                    23-CV-05386(EK)
          -against-

U.S. ATTORNEY GENERAL MERRICK B. GARLAND and
U.S. SECRETARY OF HOMELAND SECURITY
ALEJANDRO MAYORKAS and
DIRECTOR OF USCIS UR M. JADDOU and
DIRECTOR OF NY ASYLUM OFFICE PATRICA A. MENGES

                    Defendants.

---------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Xiuli He filed suit for declaratory and mandamus relief to compel action on her I-589 Application for Asylum and for Withholding of Removal ("I-589"). Defendants are Merrick Garland, Alejando Mayorkas, Ur Jaddou, and Patrica A. Menges, sued in their official capacities as executives of federal agencies. She alleges undue delay processing her I-589 application under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06. Plaintiff's I-589 has been pending since July 2020.

The defendants now move to dismiss the plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, that motion is granted.

## I. Background

Plaintiff is a Chinese citizen and alien who fled her native country following a forced abortion because of China's one-child policy. Compl. ¶ 11 ECF No. 1-1. Plaintiff filed her asylum application with U.S. Citizenship and Immigration Services ("USCIS") in July 2020. She and her family are permitted to work legally in the United States and are not subject to removal during the pendency of her application. Compl. ¶¶ 10, 11. Plaintiff's son currently attends Pennsylvania State University, where he is considered an international student because he and his family lack permanent legal status in the country. *Id*. As a result of her son's international student status, plaintiff's family pays $42,000 per year in tuition – a significant financial burden. *Id*. Plaintiff also alleges that the I-589 processing delay has caused her anxiety because her father remains in China and is suffering several ailments. Compl. ¶ 13. Only if she is approved for asylum may the plaintiff petition for her father to enter the United States. *Id*. Prior to filing suit, plaintiff's asylum application had been pending for three years and four months. *Id*.

The Immigration and Nationality Act ("INA"), 8 U.S.C. § 11001, "permits any alien who is physically present in the United States or who arrives in the United States . . .

2

irrespective of such alien's status" to apply for asylum. 8 U.S.C. § 1158(a)(1). To obtain asylum, an applicant must file an I-589 application and establish either past persecution or fear of future persecution. 8 U.S.C. §§ 1101(a)(42)(A), § 1158(b)(1)(B)(i). USCIS's current system for evaluating asylum claims operates on a last-in-first-out ("LIFO") model. This system was implemented to address a surge in asylum petitions, prioritizing newly-filed applications for adjudication to disincentivize frivolous asylum claims. *See* Varghese Decl. ¶¶ 3, 6, ECF No. 8-2; Mot. to Dismiss at 2, 7-8, ECF No. 8-1. Consequently, recently filed I-589 applicants are scheduled for asylum interviews ahead of submissions filed at an earlier date. *See id.* This system, according to the executive branch, puts applicants on notice that filing for asylum solely to obtain the accompanying employment authorization carries a risk: their case will be heard quickly and work authorization will be short-lived in the absence of a meritorious claim. *Id.*

## II. Standard of Review

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the court's task is to assess the legal feasibility of the complaint." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).[1] In doing so, the Court "must take

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

the facts alleged in the complaint as true, drawing all reasonable inferences in [the plaintiff's] favor." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007).  To survive a Rule 12(b)(6) motion, a compliant must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

Some courts instead seek to evaluate mandamus claims under Federal Rule of Civil Procedure 12(b)(1).  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F. 3d 110, 113 (2d Cir. 2000).  Indeed, courts have previously dismissed plaintiffs' undue delay claims under the Mandamus Act and the APA pursuant to both Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Here, because the complaint states a nonfrivolous allegation of the existence of the essential elements supporting a mandamus action, subject matter jurisdiction has been established.  *See In re First Federal Sav. and Loan Ass'n of Durham*, 860 F.2d 135, 140 (4th Cir. 1988); *see also City of New York v. USPS*, 519 F. Supp. 3d 111, 127 n.9

4

(E.D.N.Y. 2021) (emphasizing "the better and more modern view": claims that fail to satisfy the elements of mandamus ought to be dismissed for a failure to state a claim). Thus, the Court will assess the merits of the complaint pursuant to Rule 12(b)(6).

### III. Discussion

#### A.   The Mandamus Act Claim Is Dismissed

Mandamus relief under Section 1361 is "an extraordinary remedy." *Escaler v. USCIS*, 582 F.3d 288, 292 (2d Cir. 2009). To secure such relief, a plaintiff must establish three elements: (i) he has "clear right" to the relief sought; (ii) the defendant has a plainly defined, "peremptory duty" to do the act in question; and (iii) there is no other adequate remedy." *Anderson v. Bowen*, 881 F.2d 1, 5 (1d Cir. 1989).

The plaintiff has failed to identify any case law supporting her position that she is due mandamus relief. Moreover, she has not demonstrated the first element of the tripartite test for mandamus relief: a "clear right" to the relief she seeks — the immediate adjudication of her I-589 application. *Anderson*, 881 F.2d at 5. Rather, the applicable federal statute prohibits the enforcement of I-589 claims that only challenge USCIS' procedures, timelines, and the speed of adjudication. *See* 8 U.S.C. § 1158(d)(7); *Hu v. Sessions*, No. 18-cv-2248, 2020 WL 7486681, at *2 (E.D.N.Y. Dec 17, 2020) (dismissing mandamus claim because Section 1158(d)(7) "does not

5

by any stretch mean that the statute conveys a right enforceable by mandamus"); *see also Chen v. Wolf*, No. 19-cv-9951, 2020 WL 6825681, at *3 (S.D.N.Y. Nov. 20, 2020) (dismissing mandamus claim that challenged the speed at which the plaintiff's I-589 application was adjudicated, since 8 U.S.C. § 1158(d)(7) creates no right to an immediate response).

The plaintiff has also failed to meet the third element of the "*Escaler* test" for mandamus: she has not demonstrated that "no other adequate remedy" could provide relief. *Anderson*, 881 F.2d at 5. The USCIS permits I-589 applicants to file an expedited request to schedule an interview outside of the priority LIFO order. Here, the relevant issue is not whether the plaintiff obtained relief via alternative processes, but instead whether there is a route for any plaintiff to obtain relief if she satisfies the requirements. *See Xu v. Cissna*, 434 F. Supp. 3d 43, 56 (S.D.N.Y. 2020). Indeed, plaintiff filed an expedited request with USCIS in April 2023, which the agency denied because she failed to demonstrate a need for expedited relief. Compl. ¶ 12 ECF No. 1-1. Since by the plaintiff's own admission alternative processes exist and she has availed herself of them, she has failed to demonstrate that mandamus relief is her only remedy.

**B.   The APA Claim Is Dismissed**

The APA provides for judicial review of agency action that is "unreasonably delayed." 5 U.S.C. § 707(1). In assessing the unreasonableness of the delay, courts must consider the "source of the delay," including the "complexity" of the matter and whether the individual challenging the delay participated in delaying the proceedings. *Xu,* 434 F. Supp. 3d at 53; *see also Reddy v. CFTC*, 191 F.3d 109, 121 (2d Cir. 1999). Processing times alone cannot support a finding of unreasonable delay. *See id*.

Courts have consistently held that asylum application processing times, on their own, do not support a finding of unreasonable delay. *See Espin v. Gantner*, 381 F. Supp. 2d 261, 266 (S.D.N.Y. 2005) (holding that the passage of time, alone cannot support such an [APA] claim of unreasonable delay). LIFO scheduling is a complex process, requiring coordination of thousands of outstanding applications and cannot be easily set aside to favor one applicant.

Courts must consider the six "TRAC" factors to determine whether a delay is unreasonable.[2] *Telecomms. Research*

---

[2] The TRAC Factors are: (1) the time agencies take to make decisions must be governed by a "rule of reason"; (2) a timetable provided by Congress in the enabling statute may supply content for the rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is "unreasonably delayed." *TRAC*, 750 F.2d at 80.

7

*& Action Ctr. (TRAC) v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984). Even when other TRAC factors favor the plaintiff alleging an improper delay, it is appropriate to deny relief when the fourth factor, "the effect of expediting delayed action on agency activities of a higher or competing priority," would be to jump the plaintiff ahead while failing to reduce the I-589 backlog. *See Xu*, 434 F. Supp. 3d at 54.

In this case, the delay of three years and four months is not unreasonable considering the current USCIS backlog. Indeed, every court in this Circuit who has evaluated claims of unreasonable delays in adjudicating I-589 petitions pending for up to four years has dismissed these suits pursuant to TRAC factor analysis. *See, e.g.*, *De Oliveria v. Barr*, No. 19-cv-1508, 2020 WL 1941231, at *5 (E.D.N.Y. Apr. 22, 2020); *accord Zhang v. Wolf*, No. 19-cv-5370, 2020 WL 5878255, at *2 (E.D.N.Y. Sept 30, 2020) (four-year delay); *Hu,* 2020 WL 7486681, at *1 (five-year delay).

An order that USCIS immediately adjudicate plaintiff's petition would simply favor this plaintiff over others with pending I-589 applications. *See De Oliveria*, 2020 WL 1941231, at *5 (finding TRAC factor four favored USCIS, reasoning that leapfrogging a plaintiff ahead of other similarly situated I-589 applicants would undermine USCIS's queue system). Such a practice of favoring those I-589 applicants who file suit would

create obvious negative incentives. *See Xu*, 434 F. Supp. 3d at 55.

An additional TRAC factor dictates that the time agencies take to make decisions must be governed by a "rule of reason." *TRAC*, 750 F.2d at 80. Courts have clarified that agency "rules of reason" are not judged on whether they provide the best solution to a problem, but whether they constitute a reasoned attempt to address mounting issues within a system. *See Zhang*, 2020 WL 5878255, at *2. The LIFO model, despite any shortcomings, meets that standard. *See id.* at *5. The year that LIFO was reimplemented, the growth rate of backlogged asylum applications slowed to single digits. *Id.; see also Ying Yu Li, et. Al. v. Wolf*, WL 2836426, at *8 (E.D.N.Y. May 30, 2020).

Thus, the plaintiff has failed to state a claim of undue delay under the APA.

## IV. Conclusion

For the foregoing reasons, the defendants' motion to dismiss the plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(6) is granted. The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

9

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    August 7, 2024
          Brooklyn, New York